UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS MORGAN and MALINA GOMEZ,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, in representative and individual capacity as trustee of Trust "B" Under The Will of Hubert Kenyon; JAMES HUBERT KENYON, in representative and individual capacity as trustee of Trust "B" Under The Will of Hubert Kenyon; and BAH CALIFORNIA, INC., a California corporation; and DOES 1-10,<br><br>　　　　　　　　　　Defendants. | Case No.:  19cv1695 JM (MSB)<br><br>**ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

　　　Plaintiffs Travis Morgan and Malina Gomez ("Plaintiffs") move for summary judgment.  (Doc. No. 35.)  The motion has been fully briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1).  For the below reasons, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

The following facts are not genuinely disputed. Plaintiff Travis Morgan is legally blind. Plaintiff Malina Gomez is legally blind and an amputee. Plaintiffs are substantially limited in their ability to see, maneuver, and walk. A Church's Chicken restaurant ("the restaurant") is located at 3495 El Cajon Boulevard in San Diego, California. Defendants Bank of America, National Association, and James Hubert Kenyon are trustees of "Trust B Under the Will of Hubert Kenyon," which owns, and did own on the relevant dates, the real property on which the restaurant is located. The restaurant was operated by Defendant, BAH California, Inc., a franchisee of Church's Chicken, until October 21, 2019. After that date, a new franchisee, Global Restaurant Hospitality Group, LLC, assumed the role.

The restaurant is open to the public. Plaintiffs visited the restaurant to eat on dozens of occasions within the last three years, including twice in September 2018, once in December 2018, three times in January 2019, once in March 2019, once in July 2019, and once in August 2019. Plaintiffs accompanied each other during each of their visits to the restaurant. Plaintiffs do not drive. Instead, they got to the restaurant by using public transportation because there is a bus stop directly in front of the restaurant. Plaintiffs then used the sidewalk to get to the stairway that leads to the entrance on the north side of the building facing El Cajon Boulevard. During each visit, Plaintiffs encountered stairs without handrails leading to the restaurant entrance.

Because Mr. Morgan's sight is substantially impaired, he relies on handrails to keep him steady and guide the way. Without handrails, it was difficult for him to navigate the stairs each time he went to the restaurant. He feared he would trip and fall while using the stairs. Because of Ms. Gomez's significantly limited ability to see and walk independently, she also relies on handrails to keep her steady and prevent her from falling. Without handrails, it was difficult for Ms. Gomez to navigate the stairs each time she went to the restaurant. She feared she would trip and fall while using the stairs.

On June 24, 2020, Paul Bishop, Plaintiffs' expert, conducted a site inspection of the restaurant. The stairs lacked handrails on both sides. Mr. Bishop also observed an

accessible parking space in the parking lot with an access aisle that included a curb ramp along the southwest corner of the building. In order to reach the customer entrance from the sidewalk, a person must have either traveled up the stairs or up the driveway across the parking lot. Mr. Bishop also measured the slope of the driveway from the sidewalk.

Plaintiffs bring claims for violation of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12182(a)-(b) and the Unruh Civil Rights Act ("the Unruh Act"), CAL. CIV. CODE § 51-53. Plaintiffs seek an injunction compelling Defendants to comply with the ADA and Unruh Act, but Plaintiffs note they are "not invoking section 55 of the California Civil Code and are not seeking injunctive relief under the Disabled Persons Act at all." (Compl. at 7 ¶ 1.) Plaintiffs also seek statutory damages under the Unruh Act in the amount of $16,000.[1] (*Id.* at ¶ 2.)

## II.   LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *SEC v. Seaboard*, 677 F.2d 1301, 1306 (9th Cir. 1982). Once the moving party has done so, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation and citation omitted). The court must examine the evidence in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The court may

---

[1] Although Plaintiffs claim actual damages in their Complaint, Plaintiffs do not claim they suffered actual damages in their motion.

not weigh evidence or make credibility determinations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Any doubt as to the existence of any issue of material fact requires denial of the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment can only be entered "if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson*, 477 U.S. at 250. Even in the absence of a factual dispute, a district court has the power to "deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Id.* at 255. The trial court's inquiry is not whether a reasonable trier of fact is likely to find in favor of the opposing party, but whether it could do so. *McIndoe v. Huntington Ingalls*, 817 F.3d 1170, 1176 (9th Cir. 2016). Where cross motions for summary judgment are filed, the court must examine the entire record before ruling on either motion. *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1137 (9th Cir. 2001).

### III. DISCUSSION

#### A. ADA Claim

Title III of the ADA provides "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a). "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (citation omitted).

The parties do not dispute that Plaintiffs are disabled based on their substantial limitations in seeing, maneuvering, and walking. *See* 42 U.S.C. §§ 12102 (defining disability as "a physical or mental impairment that substantially limits one or more major life activities" including "seeing," "performing manual tasks," and "walking"). The parties

also do not dispute the restaurant is a place of public accommodation, *see id.* § 12181(7)(B) (specifically including restaurants as places of public accommodation), or that Defendants were the owners, operators, lessors, or lessees of the restaurant during the relevant time period, (*see* Doc. Nos. 37-1 at 2, 38 at 1-2). Finally, the parties do not dispute there were no handrails on the stairs to the entrance of the restaurant between December 2018 and January 2021,[2] and they do not dispute that Plaintiffs visited the restaurant and encountered the stairs during this period. (Doc. No. 37-2 at ¶¶ 11, 18.) The parties dispute, however, whether Plaintiffs are entitled to summary judgment on whether removing the barrier imposed by the lack of handrails is "readily achievable" under the ADA.

### 1. Ready Achievability

Discrimination under Title III includes "a failure to remove architectural barriers . . . . in existing facilities . . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). If an entity can demonstrate the removal of a barrier is not "readily achievable," it is still liable if it fails to "make [its] goods, services, facilities, privileges, advantages, or accommodations available through alternative methods" if "such methods are readily achievable." *Id.* § 12182(b)(2)(A)(v). "Readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9). To prevail on a discrimination claim based on the failure to remove a barrier, the plaintiff must establish either (1) the defendant failed to alter the barrier when doing so was readily achievable, or (2) even if the alteration was not readily achievable, the defendant could have made the facility accessible to the plaintiff through alternative methods without much difficulty or expense. *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034 (9th Cir. 2020) (citing 42 U.S.C. §§ 12182(b)(2)(A)(iv)-(v)). Courts consider four factors when determining whether an action is readily achievable. 42 U.S.C. § 12181(9). The factors are:

(A) the nature and cost of the action needed[;]

---

[2] Defendants do not indicate whether handrails have since been installed.

(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

*Id.* With respect to the burdens of the parties at summary judgment in ADA cases involving barriers, the *Lopez* court explained:

> [T]o satisfy their initial burden, ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances. . . . [P]laintiffs are not required to address in detail each of the four factors to meet their initial burden of plausibly explaining why it is readily achievable to remove an architectural barrier. If the plaintiff makes a plausible showing that the requested accommodation is readily achievable, the burden shifts to the defendant to counter the plaintiff's initial showing, and at that point the district court is required under the statute to weigh each of the § 12181(9) factors to determine whether removal of the architectural barrier is readily achievable or not.

974 F.3d at 1038-39; *see also Johnson v. In Suk Jun*, Case No. 19-cv-06474-BLF, 2020 WL 6507995, at *5 (N.D. Cal. Nov. 5, 2020) ("Under this burden-shifting analysis, the plaintiff bears the initial burden of plausibly showing that a proposal for removing a barrier is readily achievable, and then the defendant bears the ultimate burden of persuasion on an affirmative defense that removal of a barrier is not readily achievable.").

///
///
///
///

Plaintiffs argue they satisfy their initial burden under *Lopez* based on Mr. Bishop's declaration and expert report.[3] (Doc. Nos. 35-9, 35-10.) As stated in these materials, Mr. Bishop is a licensed architect and "certified access specialist" with over 40 years of experience in construction and rehabilitation. (Doc. No. 35-9 ¶¶ 1-2.) He has reportedly surveyed 165 sites for accessibility and has previously been qualified as an expert. (*Id.* ¶ 3.) He visited the restaurant on June 24, 2020 and took photographs of the stairs without railings, as well as other parts of the facility. (*Id.* ¶ 10.) He opined, and Defendants do not dispute, that in order to reach the customer entrance from the sidewalk, a person must either travel up the stairs, or up the driveway across the parking lot. (*Id.* ¶ 12.) Mr. Bishop opined the approximate cost to install handrails on both sides of the stairs would be $2,000 to $3,000. (*Id.* ¶ 18.) He also opined, and Defendants do not dispute, that based on its slope, accessing the restaurant entrance via the parking lot was not an accessible alternative. (Doc. No. 35-10 at 13.)

This evidence put forth by Plaintiffs regarding the cost of installing handrails plausibly shows how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances. *See Lopez*, 974 F.3d at 1039 (faulting the plaintiff for failing to explain how much he thought remediating the barrier would cost). It is plausible the benefit of installing handrails is greater than the $2,000 to $3,000 cost if only for the fact, as discussed below, that the price of the minimum statutory damages for not installing the handrails is $4,000. Also, the benefit of handrails to accessibility for persons who, like Plaintiffs, are substantially limited in walking, seeing, and driving is apparent given that a bus stop is located directly in front of the restaurant. Finally, the installation of handrails is in line with other remedies courts have found to be readily achievable, such

---

[3] Although *Lopez* was decided after Plaintiffs filed the instant suit, neither party disputes that the two-part burden-shifting framework articulated in *Lopez* applies here. (*See* Doc. No. 35-1 at 20 (arguing that Plaintiffs have met their initial burden as stated in *Lopez*).) Prior to *Lopez*, the issue of who bears the burden of proof in showing that removal of an architectural barrier is readily achievable was unsettled. *See* 974 F.3d at 1034.

as creating designated accessible parking spaces. *See Johnson v. Cortese*, Case No. 5:19-cv-02671-EJD, 2020 WL 7495164, at *5 (N.D. Cal. Dec. 21, 2020).

Defendants do not directly contest Plaintiffs' argument that the benefits of installing handrails outweigh the cost.[4] Instead, Defendants argue that triable issues of fact remain as to whether remedial measures are readily achievable because Mr. Bishop "gives rough approximations of cost ranges, with no reference to the sources of these figures." (Doc. No. 37-1 at 9.) As noted above, however, Mr. Bishop avers he is experienced in construction and ADA compliance. Also, estimating the cost of installing basic handrails on a short flight of concrete steps does not, on its face, appear particularly complicated. Although they purportedly retained their own accessibility expert, (*see* Doc. No. 37-2 at 12 ¶ 31), Defendants fail to offer any of their own evidence as to costs or benefits, and do not specifically allege that Mr. Bishop's estimate is inaccurate. *See* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly . . . . address another party's assertion of fact as required by Rule 56(c), the court may . . . . consider the fact undisputed for purposes of the motion[.]").

Defendants also argue that neither Plaintiff nor Mr. Bishop address the four criteria in § 12181(9). (Doc. No. 37-1 at 9.) As stated in *Lopez*, however, "plaintiffs are not required to address in detail each of the four factors to meet their initial burden of plausibly explaining why it is readily achievable to remove an architectural barrier." 974 F.3d at 1038. Although Plaintiffs do not address each factor in detail, Plaintiffs specifically address "the nature and cost of the action needed," *see* 42 U.S.C. § 12181(9)(A), as well as "the type of operation or operations of the covered entity," *see id.* § 12181(9)(D).

---

[4] "Whether a facility is 'readily accessible' is defined, in part, by the ADA Accessibility Guidelines." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (citations omitted). Defendants do not dispute that ADA Guidelines require handrails on the stairs. *See* 28 C.F.R., Pt. 1191, Appendix D (Building Blocks: 504, 505). Defendants also do not dispute the lack of handrails constituted an architectural barrier that Plaintiffs encountered. (*See* Doc. No. 37-1 at 4 ("[T]hey have standing to sue for their encounter with the barrier which existed at the stairs (lack of handrails)[.]").)

Defendants also decline to address why any of the four criteria in § 12181(9) weigh in favor of finding that installing handrails is not readily achievable. Other than arguing that Mr. Bishop's estimate is "approximate," Defendants make no attempt at countering Mr. Bishop's estimate. Accordingly, Defendants have not met their burden under *Lopez* to "counter" Plaintiffs' initial showing. *See* 974 F.3d at 1038-39.

Finally, Defendants object to Mr. Bishop's declaration and expert report as an impermissible opinion on an ultimate legal conclusion in violation of Federal Rule of Evidence 704. (Doc. No. 37-6 at 4-5 ¶¶ 5-6.) In their reply, Plaintiffs argue, and the court agrees, that Mr. Bishop ultimately offers a cost estimate, not a legal conclusion that installing handrails is readily achievable under the ADA. Indeed, in Mr. Bishop's report, he acknowledges that the readily achievable determination is a legal determination, and he generally limits his opinion to providing cost estimates. (Doc. No. 35-10 at 3.) Accordingly, Defendants' objection to Mr. Bishop's materials under Rule 704 are OVERRULED.[5] *See also Schutza*, 2016 WL 11621283, at *8 (declining to strike Mr. Bishop's declaration because the defendants had the opportunity to counter the information/facts contained in the declaration). Based on the above, Plaintiffs have shown they are entitled to summary judgment that Defendants violated § 12182(b)(2)(A)(iv) of the ADA by failing to install handrails on the stairs.

### 2. Injunctive Relief

As stated in their motion, "Plaintiffs seeks [sic] an injunction under the ADA requiring the Defendants to provide and maintain accessible parking." (Doc. No. 35-1 at 21.) In opposition, Defendants argue that Plaintiffs lack standing to seek injunctive relief

---

[5] Defendants' other objections to Mr. Bishop's materials, and Defendants' objections to all the remaining declarations attached to Plaintiffs' motion, as well as investigation notes and photographs of the restaurant, are OVERRULED. The objections are boilerplate and unspecific. Additionally, the investigator materials are not material to the resolution of the instant motion.

related to parking because Plaintiffs do not drive. (Doc. No. 37-1 at 4.) In reply, Plaintiffs explain:

> Plaintiffs' motion inadvertently states at one section that Plaintiffs seeks [sic] to have accessible parking. This was a typographical error. To be clear, Plaintiff [sic] is not seeking to have accessible parking at the [r]estaurant. Plaintiff [sic] seeks accessible stairs. Plaintiff's [sic] purpose in identifying the issues with respect to the parking lot was to demonstrate that there were no alternative accessible routes to enter the [r]estaurant, aside from the stairway. In other words, the path of travel using the stairs was inaccessible because of the lack of handrails. The only other alternate path would be through the parking lot. However, that path of travel was not a viable alternative because it was also inaccessible due to the slope issues, as identified by Mr. Bishop and as outlined in Plaintiff's [sic] motion.

(Doc. No. 39 at 3.)

In the portion of their motion requesting injunctive relief, Plaintiffs reference the lack of handrails. (*See* Doc. No. 35-1 at 22 ("There is no dispute that failure to provide such handrails, and failure to provide an accessible path of travel from the sidewalk to the entrance, violates accessibility standards.").) Nowhere, however, do they specifically demand, as they do for accessible parking, injunctive relief in the form of an order for Defendants to install handrails on the stairs. Rather, Plaintiffs' request for injunctive relief repeatedly refers to "paths of travel" without specifying whether this relates to entering the restaurant via the stairs or the parking lot. (*See id.* at 24 ("[T]here is no dispute that Plaintiffs have standing to seek an injunction requiring Defendants to provide and maintain accessible paths of travel at the [r]estaurant.").) Plaintiffs' Complaint also fails to specify the injunctive relief sought. Given Plaintiffs' typographical error and the lack of specificity elsewhere in Plaintiffs' motion, it is reasonable to infer that Defendants would be confused as to the injunctive relief sought, and it would therefore be unfair to fault Defendants for failing to challenge injunctive relief related to the lack of handrails. Accordingly, Plaintiffs have not shown the absence of a genuine dispute of material fact, or that they are entitled to summary judgment as a matter of law, with respect to their claim for injunctive relief related to the lack of handrails.

### B. Unruh Act Claim

The Unruh Act provides that "[a]ll persons . . . . are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." CAL. CIV. CODE. § 51(b). "[A] violation of the ADA is, per se, a violation of the Unruh Act." *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004); *see also* CAL. CIV. CODE § 51(f). The Unruh Act, however, allows for actual damages, attorneys' fees, as well as "any amount that may be determined by a jury, or a court . . . . up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." CAL. CIV. CODE. § 52(a). The plaintiff need not prove actual damages to recover $4,000 in statutory damages. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000). "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

Because Defendants have shown, as a matter of law, a violation of Title III of the ADA based on a lack of handrails, they have also shown an Unruh Act violation. Defendants do not argue that Plaintiffs fail to show an Unruh Act violation, and do not dispute that Plaintiffs are entitled to some statutory damages. Instead, Defendants argue that a genuine dispute exists over whether Plaintiffs sufficiently mitigated their statutory damages. (Doc. No. 37-1.)

#### 1. Mitigation of Damages

A plaintiff who proves an incident of discrimination in violation of the Unruh Act is entitled to statutory damages of no less than $4,000. CAL. CIV. CODE § 52(a). "Statutory damages may be assessed . . . . based on each particular occasion that the plaintiff was denied full and equal access, and not upon the number of violations of construction-related accessibility standards identified at the place of public accommodation where the denial of full and equal access occurred." *Id.* § 55.56(f). "[I]n an action alleging multiple claims for the same construction-related accessibility violation on different particular occasions, the

court shall consider the reasonableness of the plaintiff's conduct in light of the plaintiff's obligation, if any, to mitigate damages." *Id.* § 55.56(i); *see also* § 55.56(h) ("This provision does not . . . . alter any legal obligation of a party to mitigate damages.").

Some district courts have declined to award, on summary judgment, statutory damages beyond $4,000 for a single encounter when there are indications the plaintiff repeatedly and voluntarily encountered a barrier at a store or restaurant in order to increase their potential recovery. *See Johnson v. Reimal Fam. Ltd. P'ship*, Case No. 20-cv-01192-WHO, 2021 WL 428631, at *6 (N.D. Cal. Feb. 8, 2021) (plaintiff repeatedly encountered a barrier at an appointment-only chiropractor's office that was 150 miles away from his house, and plaintiff never told the defendant he wanted to access the property); *Vogel v. Harbor Plaza Ctr., LLC*, Case No.: CV 14-04609 SJO (SHx), 2016 WL 11671222, at *8 (C.D. Cal. Jan. 25, 2016) (plaintiff did not explain why he returned to the shopping center on two occasions despite barriers), *vacated and remanded on other grounds*, 893 F.3d 1152 (9th Cir. 2018); *Johnson v. Wayside Prop., Inc.*, 41 F. Supp. 3d 973, 981 (E.D. Cal. 2014) (plaintiff visited a lumber store twice, but did not provide evidence indicating that he alerted the defendants to the barriers before his second visit); *Yates v. Auto City 76*, No. C-10-3932 EMC, 2014 WL 5585263, at *4 (N.D. Cal. Nov. 5, 2014) (finding that good prices and services at an allegedly inaccessible gas station was not a reasonable explanation for the plaintiff's decision to visit the station 16 more times after initially encountering a barrier, and where the station was 20 miles away over toll roads); *but see Dytch v. Lazy Dog Restaurants, LLC*, Case No.16-cv-03358-EDL, 2018 WL 9412715, at *13 (N.D. Cal. Apr. 18, 2018) (awarding statutory damages to the plaintiff for multiple instances of actually encountering the barrier even though the plaintiff did not alert the defendant); *Johnson v. Guedoir*, 218 F. Supp. 3d 1096, 1102 (E.D. Cal. 2016) (finding that § 55.65(h) does not create a duty to mitigate); *Lemmons v. Ace Hardware Corp.*, Case No. 12-cv-03936-JST, 2014 WL 3107842, at *12 (N.D. Cal. July 3, 2014) (allowing $52,000 in statutory damages to plaintiff because "[e]vidence pertaining to the number of times she

visited the store, to whether she had access to other stores, or whether she complained to management has very little relevance").

Here, there is some evidence that Plaintiffs did not act reasonably or attempt to mitigate their statutory damages resulting from encounters with the stairs at the restaurant. Plaintiffs purportedly encountered the stairs on "dozens" of occasions within the last three years. (Doc. No. 35-2 at 4 ¶ 7.) Other than filing suit, Plaintiffs do not claim to have done anything to notify Defendants of the barrier, or otherwise avoid encountering the barrier. Defendants consequently argue that "Plaintiffs could have mitigated their damages . . . . and could have availed themselves of the food delivery service the restaurant offered." (Doc. No. 37-1 at 6.)

There is also some evidence, however, that Plaintiffs acted reasonably and could not have mitigated their exposure to the stairs at the restaurant. Plaintiffs argue, and provide some evidence supporting, that Plaintiffs had limited restaurant options because they did not drive, the restaurant is close to their home, and there was a bus stop directly in front of the restaurant. (Doc. No. 39 at 4-5.) Plus, despite "dozens" of encounters, Plaintiffs seek only two statutory penalties each, for a total of $16,000. (Doc. No. 35-2 at 15 ¶ 8.) Finally, Plaintiffs argue it is immaterial whether they failed to avail themselves of the restaurant's food delivery service because they have a right to access a restaurant without barriers. (*See* Doc. No. 39 at 5.) Although this argument has appeal, under the Unruh Act, they do not have a right to act unreasonably or to fail to comply with a duty to mitigate damages and still be entitled to multiple statutory damages. *See* CAL. CIV. CODE §§ 55.56(i), (h). Whether Plaintiffs acted reasonably is a disputed question of material fact not appropriate for resolution at summary judgment.

Accordingly, a genuine dispute exists as to the issue of whether Plaintiffs acted reasonably, and whether they failed to satisfy any duty to mitigate damages, by repeatedly returning to the restaurant after initially encountering a barrier, and by apparently failing to notify the owner. Defendants do not dispute, however, that Plaintiffs are entitled to $4,000 each for their initial encounter with the inaccessible stairs. Based on the above,

Plaintiffs are entitled, as a matter of law, to an award of $4,000 each ($8,000 total) in statutory damages under the Unruh Act for their initial encounter with the barrier. Plaintiffs are not entitled to summary judgment, however, on the issue of whether they are entitled to statutory damages beyond $4,000 each for subsequent encounters.

### 2.  Supplemental Jurisdiction

In passing, Defendants urge the court to decline supplemental jurisdiction over Plaintiffs' Unruh Act claim. (Doc. No. 37-1 at 1.) The court has discretion to keep a state law claim, taking into account considerations of "judicial economy, convenience, fairness, and comity." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (citation omitted). Under 28 U.S.C. § 1367(c)(2), district courts may decline supplemental jurisdiction over a state claim "where the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."

Here, Plaintiffs' Unruh Act claim is directly predicated upon the ADA violation, and therefore clearly "share[s] a common nucleus of operative fact." *See* 28 U.S.C. § 1367(a). Additionally, as noted above, plaintiffs commonly bring Unruh Act claims in federal court in conjunction with ADA claims. *See Molski*, 481 F.3d at 731; *but see Zarian v. Thomloi*, Case No. 2:19-cv-07804-SVW-SK, 2020 WL 5289888, at *5 (C.D. Cal. Mar. 26, 2020) (declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4) because, inter alia, filing in federal court circumvents California's heightened pleading standards and increased filing fees for high-frequency litigants). Accordingly, the court will continue to exercise supplemental jurisdiction over Plaintiffs' Unruh Act claims.

### IV.  CONCLUSION

For the forgoing reasons, Plaintiffs' motion for summary judgment (Doc. No. 35) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' motion for summary judgment that Defendants violated § 12182(b)(2)(A)(iv) of the ADA by failing to install handrails on the stairs is **GRANTED**. Plaintiffs' motion for an order of summary judgment that they are entitled to injunctive relief under the ADA is **DENIED** at this time. Plaintiffs' motion for summary judgment that Defendants violated the Unruh Act is **GRANTED**. Plaintiffs'

motion for summary judgment that they are each entitled to statutory damages of $4,000 under the Unruh Act is **GRANTED**.  Plaintiffs' motion for summary judgment that they are each entitled to statutory damages beyond $4,000 is **DENIED** at this time.

IT IS SO ORDERED.

DATED: March 17, 2021

JEFFREY T. MILLER
United States District Judge